UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN B. BUCKHEIT,<br>        Plaintiff,<br>v.<br>TONY DENNIS, et al.,<br>        Defendant. | Case No.: 3:09-cv-05000-JCS<br><br>**ORDER RE ATTORNEYS' FEES.** |

On January 3, 2013, this Court issued an Order Granting County of San Mateo's Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988. *See* Dkt. No. 327. Pursuant to this Court's directive, the County filed an additional declaration with time records so the Court may determine whether the time spent was reasonable. *See* Dkt. No. 328. Plaintiff has filed objections to the County's declaration. *See* Dkt. No. 332. Upon review of the evidence and in consideration of Plaintiff's objections, the Court reduces the County's request for attorneys' fees for the reasons described below and grants the County's request for attorneys' fees in the amount of $145,434.00.

**A.    Admissibility of the Declaration of Brian Wong**

Plaintiff's first objection to the County's time records is that Declaration of Brian Wong does not substantially comply with the provisions of 28 U.S.C. § 1746, and is therefore inadmissible evidence. Section 1746 allows unsworn declarations to be treated with "like force and effect" as sworn declarations so long as the writing, if executed in the United States, substantially complies with the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746(1). The Declaration of Brian Wong contains the following language: "I declare

1  under penalty of perjury under the laws of the State of California that the foregoing is true and
2  correct. Executed this 10th day of January, 2013, at Redwood City, California." Wong Decl. ¶ 3.
3        Plaintiff contends the foregoing language does not substantially comply with § 1746
4  because Mr. Wong included the words "under the laws of the State of Carlifornia," and thereby
5  limits the scope of his declaration of truthfulness. Plaintiff argues that Mr. Wong therefore cannot
6  be prosecuted under federal law if the information contained within his declaration is incorrect.
7  The Court disagrees. The Declaration of Brian Wong substantially complies with the language of
8  § 1746, thus Mr. Wong will be subject to perjury charges under 18 U.S.C. § 1621 if the
9  information is not true. *Dickinson v. Wainwright*, 626 F.2d 1184, 1186 (5th Cir. 1980) ("One
10 who subscribes to a false statement under penalty of perjury pursuant to section 1746 may be
11 charged with perjury under 18 U.S.C. § 1621, just as if the statement were made under oath.").
12 The Declaration of Brian Wong is therefore admissible evidence of the time records.

### B. Reasonableness of Hours

      Plaintiff also objects on the basis that the time records are blocked billed, not reduced for duplicative or unnecessary hours in consideration of the exercise of billing judgment, and/or contain redacted or vague descriptions of the tasks performed. The County's time records are in the form of a twenty-seven page spreadsheet in Attachment A to the Declaration of Brian Wong. The spreadsheet notes each attorney and paralegal who worked on the case, and contains an entry noting how many hours they worked on the case each day with a description of the task(s) performed.

      Plaintiff also submitted a spreadsheet of the County's time records with the addition of specific objections to certain time entries. *See* Declaration of Amitai Schwartz in Opposition to Order Establishing Reasonable Fee Amount. The objections are noted by the letters "a" to "e" on the right-hand side of each time entry. The letter "a" means Plaintiff objects on the basis that the time is not properly related to this case because it covers the factual innocence proceeding or juvenile court proceeding; "b" means Plaintiff objects on the basis that the entry is block billed; "c" means the time is facially excessive, redundant or duplicative; "d" means the entry is redacted

and therefore the Court cannot determine whether the time is unreasonable; and "e" means the entry is vague and therefore the Court cannot determine whether the time is unreasonable. *Id.* ¶ 5.

Upon review of Plaintiff's objections to each specific entry, the Court reduces the total number of hours by those hours spent in connection with the factual innocence or juvenile court proceedings, those hours corresponding to a redacted description of the tasks performed, as well as the hours which do not have an adequate description of any specific task. Thus, the total number of attorney hours will be reduced by 34.25 hours, and the total number of paralegal hours will be reduced by one hour. The Court declines to reduce the number of hours to account for the County's block billing, as the Court was able to determine that the total amount of hours were reasonable for the tasks described. The Court also overrules Plaintiff's objections on grounds that the hours spent were excessive.[1]

### C. Final Calculation of Attorneys' Fees

In their Motion, the County requested attorneys' fees in the amount of $152,041.50. This was calculated at 773.35 hours at $190 per attorney hour, and 51.05 hours at $100 per paralegal hour. The Court has already found these billing rates to be reasonable. *See* Dkt. No. 327. For the reasons discussed above, the Court subtracts one paralegal hour and 34.25 attorney hours. Thus, the total number of attorney hours is now 739.10 and the total number of paralegal hours is 50.05. Billed at the rates of $190 and $100 per hour, respectively, the final calculation of attorneys' fees is $145,434.00. Accordingly, the County's Motion for Attorneys' Fees is granted in the amount of **$145,434.00**.

IT IS SO ORDERED.

Dated: February 1, 2013

Joseph C. Spero
United States Magistrate Judge

---

[1] Plaintiff also objects to Brian Wong's ten hours on 8/05/10 and seven hours on 8/05/10 spent preparing the motion to dismiss because the motion to dismiss had been filed prior to that day. The Court infers, however, that Brian Wong's hours were spent preparing the reply brief to the motion to dismiss, which was filed on 8/6/10, and therefore does not subtract these hours. *See* Dkt. No. 63.